## The Heating Utilities Company v. Seibert.

*Affidavit of defence—Sufficiency of—Set-off—Installation of heating plant.*
In an action to recover a balance due of the price for the installation of a hot-water heating plant as agreed upon by written contract, an affidavit of defence is sufficient which avers that the plant was not installed in the substantial and workmanlike manner called for in the agreement and failed to warm the defendant's rooms as guaranteed, and that the defendant was compelled to employ other mechanics at a cost stated to put the plant in a good working condition, without alleging in what respect the plant was defective or the details of the work required to be done.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Jan. T., 1926, No. 18.

*Joseph B. Wissler*, for rule; *Harold G. Ripple*, contra.

LANDIS, P. J., March 20, 1926.—The plaintiff claims that there is due him, as a balance of the contract price for installing a hot-water plant, the sum of $374 and interest, and he has brought this suit to recover the same. It is admitted that on July 20, 1925, the parties entered into a written contract, whereby the plaintiff was to install the said plant under certain terms and conditions for the sum of $674; that the hot-water plant was installed in defendant's store and dwelling, and that the defendant paid $300 on account; but the dispute is that it was not installed in accordance with the contract.

The agreement provided: "All work to be done in a neat, substantial and workmanlike manner, and the apparatus, when completed, to be left in good working order." Certain radiators were placed in the various rooms, and these rooms were to be heated to a certain temperature. There was also a stipulation as follows: "We guarantee that the apparatus, when completed in accordance with this specification, will be of ample capacity to warm all rooms mentioned in the schedule to the temperature mentioned therein zero degrees Fah. outside temperature when building is furnished and occupied, and that the apparatus throughout will have a free and rapid circulation." The price was to be paid thirty days after the installation.

Let us now turn to the affidavit of defence. It avers that the plant "was not installed in a neat, substantial and workmanlike manner and the apparatus when completed was not in working order as stipulated so to be in the original specifications and contract;" that it "does not warm the rooms of said plaintiff's store and dwelling as guaranteed so to do," and for that reason "the defendant has been compelled to employ other mechanics to place said heating plant in good working condition" at a cost of $350. It seems to us that, if this is true, and for the present it must be assumed to be true, then the defendant has a defence to the plaintiff's claim.

The question of set-off, which is seemingly raised in the affidavit of defence, is not now before us. It may be that the defendant cannot prove it as a set-off on the trial; but whether he can or cannot does not enter into the disposition of this rule.

The rule for judgment for want of a sufficient affidavit of defence is now discharged. Rule discharged. From George Ross Eshleman, Lancaster, Pa.